**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George K. Pragovich, ) | No. MC 08-0041-PHX-MHM (MEA) |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Internal Revenue Service, ) | |
| Respondents. ) | |

On May 6, 2008, Petitioner, proceeding *pro se*, filed an Amended Petition to Quash three Third-Party Internal Revenue Service ("IRS") Summonses. (Dkt. #4). On July 14, 2008, Respondents filed a Response and a Counter-Petition to enforce the summonses. (Dkt. #11). Additionally, Respondents filed a Supplemental Memorandum arguing that the doctrine of collateral estoppel precludes the Petition. (Dkt. #12).

**BACKGROUND & PROCEDURAL HISTORY**

The Internal Revenue Service, a revenue agent, and the agent's group manager ("Respondents") have been conducting an investigation pursuant to 26 U.S.C. § 6700 and 6701 to determine whether Petitioner, doing business as the National Justice Center, is liable for tax penalties connected to his promotion and sale of services and materials that assist customers in filing of frivolous lawsuits designed to impede federal tax collection. (Dkt. #11).

Respondents allege that they have uncovered evidence, such as invoices, statements and a number of lawsuits filed in the District of Columbia, all of which directly tie Petitioner to the tax avoidance scheme. (*Id*. at 3).

In furtherance of the investigation and in accordance with 26 U.S.C. § 7602 and 7609, IRS agent, Joseph Conroy, issued third-party summonses to witnesses Carol Cooper, Lavern Koerner, and Ronald Holt; the summonses were sent by certified mail. (*Id*.). Each of the recipients were alleged to have filed at least one frivolous suit linked to Petitioner.[1] (*Id*.). These summonses requested the production of various documents, including invoices, payments, statements, e-mails, and prospectuses related to Petitioner or the National Justice Center. (*Id*.).

On April 18, 2008, Petitioner moved to quash the summonses pursuant to the Internal Revenue Code, 26 U.S.C. § 7609(b)(2) and 7603.[2] (*Id*.). Petitioner alleges that the summonses were issued for the improper purpose of chilling his First Amendment rights, and that the IRS therefore failed to meet the "good faith" requirement of United States v. Powell, 379 U.S. 48 (1964). (*Id*.).

On July 14, 2008, the government filed a Response requesting that the Court deny his petition and enforce two of the summonses at issue.[3] (*Id*.). Respondents argue that the government satisfied its burden under the Powell test by acting in good faith, and that

---

[1] The actions were filed in the United States District Court for the District of Columbia and assigned the following civil action number: Cooper v. United States, 05-cv-01192 (June 6, 2005); Koerner v. United States, 07-cv-00588 (March 26, 2007); Koerner v. United States, 05-cv-01600 (August 10, 2005); Koerner v. United States; 06-cv-1633 (September 20, 2006) and Holt, et. al, v. United States, 05-cv-01692 (August 24, 2005).

[2] Petitioner has brought similar petitions in fourteen United States Judicial Districts in connection with summonses served on other witnesses.

[3] Respondents are not joining recipient Ronald Holt because he has already provided materials to the IRS in response to the IRS summons. The IRS, however, has not opened the materials because of Petitioner's pending petition to quash the IRS third party summons as to Mr. Holt.

1 Petitioner failed to demonstrate how the summonses violated his First Amendment rights.
2 (*Id.*).

3 On August 13, 2008, Respondents filed a Supplemental Memorandum to their
4 Response arguing that the petition is barred under the preclusion doctrine of collateral
5 estoppel because on July 15, 2008, the United States District Court for the Middle District of
6 Florida considered and rejected the same argument that Petitioner has presented in the instant
7 petition.[4]  (*Id.*).

## LEGAL STANDARD

9 Issue preclusion, or collateral estoppel, prevents the relitigation of any issue of fact
10 or law that was actually litigated and necessarily determined in a prior judgment against
11 the party who seeks to relitigate the issues.  Hawkins v. Risley, 984 F.2d 321 (9th Cir.
12 1993); Migra v. Warren City School Dist. Bd. Of Education, 465 U.S. 75, 79 (1984).  The
13 applicable test of issue preclusion must be determined by applying the law of the
14 jurisdiction from which the decision was rendered.  Dias v. Elique, 436 F.3d 1125, 1128
15 (9th Cir. 2006).

16 The elements of collateral estoppel are as follows: (1) the issue at stake must be
17 identical to the one involved in the prior proceeding; (2) the issue must have been actually
18 litigated in the prior proceeding; (3) the determination of the issue in the prior litigation
19 must have been a critical and necessary part of the judgment in the fist action; and (4) the
20 party against whom collateral estoppel is asserted must have had a full and fair opportunity
21 to litigate the issue in the prior proceeding.  Pleming v. Universal-Rundle Corp., 142 F.3d
22 1354 (11th Cir. 1998); In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000).  The burden is on
23 the party seeking preclusion to prove that each of the aforementioned elements have been
24 met.  Kendall v. Visa U.S.A., Inc., 518 F.3d 1042 (9th Cir. 2007).

---

[4] Pragovich v. IRS et. al, Case # 08-mc-50-SCB-EAJ (filed April 18, 2008), Dkt. #18.

1    In deciding whether the party against whom issue preclusion is asserted had a full
2 and fair opportunity to litigate, the Court determines whether the earlier proceedings
3 complied with the procedural requirements of the Due Process Clause of the Fourteenth
4 Amendment. Sherrer v. Sherrer, 334 U.S. 348 (1948); Kremer, 456 U.S. at 461.  No single
5 model of procedural fairness, let alone a particular form of procedure, is dictated by the
6 Due Process Clause. Mitchell v. W.T. Grant Co., 416 U.S. 600,610 (1974).  However,
7 whether the party against whom the prior judgment is asserted was represented by counsel,
8 had a right to appeal, was held to a different burden of proof, or whether the opposing
9 party fraudulently concealed facts are all factors which bear on the inquiry into a full and
10 fair opportunity to litigate. Caldeira v. County of Kauai, 866 F.2d 1175 (9th Cir. 1987)
11 cert. denied 493 U.S. 817; Gray v. Lacke, 885 F.2d 399 (7th Cir. 1989); Bagley v. CMC
12 Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991) (quoting Bell v. Milwaukee, 746 F.2d
13 1205 (7th Cir. 1984); Clark v. Bear Stearns & Co., 966 F.2d 1318, 1322 (9th Cir. 1992)
14 (recognizing that a difference in the burdens of proof in two proceedings can make the
15 application of collateral estoppel improper).

16    In addition, district courts have previously applied issue preclusion principles to
17 IRS summonses proceedings. United States v. First Nat'l State Bank of New Jersey, 616
18 F.2d 668 (3d Cir. 1980), cert. denied, 447 U.S. 905 (1980); United States v. Pruiett, 2006
19 U.S. Dist. LEXIS 49538 *14 (C.D. Ill. July 19, 2006); Benistar v. United States, 184 Fed.
20 Appx. 93 (2d Cir. 2006); Arnold v. United States, 635 F.Supp 88 (11th Cir. 1986).

### DISCUSSION

22    Petitioner was a party to a previous action in the United States District Court for the
23 Middle District of Florida that was entered against him in July 2008.[5]   Summonses were
24 issued pursuant to an investigation identical to that in the instant case. Petitioner, proceeding
25 *pro se*, filed a virtually identical petition to quash. (Dkt. #12, Exhibit C).  Petitioner's

---

[5] Pragovich v. IRS et. al, Case # 08-mc-50-SCB-EAJ (filed April 18, 2008), Dkt. #18.

- 4 -

1  argument was identical to that in the instant petition to quash. (*Id.*). Thus, the Court finds that
2  the first three elements of <u>collateral estoppel</u> have been satisfied. <u>Pleming</u>, 142 F.3d at 1354.
3  The only question that remains is whether Petitioner had a full and fair opportunity to litigate
4  the issue in the prior proceeding.  <u>Pleming,</u> 142 F.3d at 1354; <u>In re Palmer,</u> 207 F.3d at 568.

5        With respect to the previous case, on June 11, 2008, the Magistrate Judge in the Middle
6  District of Florida case issued a Report and Recommendation, recommending that the District
7  Court deny Petitioner's petition to quash. (*Id.*).  On June 27, 2008, Petitioner filed an
8  objection to the Report and Recommendation, and a response was then filed to Petitioner's
9  objections. (Dkt. #12).  On July 14, 2008, the District Judge dismissed the petition and
10 entered judgment against Petitioner. ( *Id.*, Exhibit A).  In the order dismissing the petition,
11 the District Court determined that (1) Respondents made a prima facie showing of good faith
12 as to the summonses Petitioner requested be quashed and (2) that Petitioner failed to satisfy
13 his burden of rebutting the presumption of good faith, since the First Amendment does not
14 protect false commercial speech. (*Id.*); <u>Virginia State Bd. Of Pharmacy v. Virginia Citizens</u>
15 <u>Consumer Council</u>, Inc., 425 U.S. 748, 771-72 (1976).  Petitioner did not file an appeal to the
16 adverse judgment made against him in the Florida Court, and the burdens of proof in the two
17 proceedings were identical. <u>Clark</u>, 966 F.2d at 1322;  <u>Gray</u>, 885 F.2d at 399.

18       As such, this Court finds that the elements required for issue preclusion have been met:
19 (1) Petitioner had a full and fair opportunity to litigate the issue in the Florida court; (2) the
20 issue in the instant action was actually litigated in that court; (3) final judgment was entered
21 and the issue was a critical and necessary part of that judgment; and (4) Petitioner was a party
22 to the previous action. <u>Pleming,</u> 142 F.3d at 1354; <u>In re Palmer</u>, 207 F.3d at 568.  The Court
23 also notes that recently, on September 24, 2008, the United States District Court for the
24 Southern District of Indiana in denying an almost identical motion to quash filed by
25 Petitioner, also applied the doctrine of collateral estoppel. <u>Pragovich v. IRS et. al</u>, # 08-mc-
26 00003-DFH-WGH, Dkt. #17.  There is no legally significant distinction between the instant

27
28

case and the Indiana case.  As such, the Court finds that the instant petition is likewise barred pursuant to the doctrine of issue preclusion.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Petitioner's Amended Petition to Quash Third-Party Internal Revenue Service Summonses.  (Dkt. #4).

**IT IS FURTHER ORDERED** granting Respondents Counter-Petition to Enforce Summons.  (Dkt. #11).  Carol Cooper and Lavern Koerner are ORDERED to comply with the Summonses issued by Revenue Agent Joseph Conroy and to produce all documents described in the aforementioned Summonses within TWO WEEKS of the entry of this order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to close the case.

DATED this 24th day of November, 2008.

_____
Mary H. Murgula
United States District Judge